J-S78030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ALLEN F. WATSON | : | |
| | : | |
| Appellant | : | No. 362 EDA 2018 |

Appeal from the Judgment of Sentence November 14, 2014
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0015007-2013

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED MARCH 25, 2019**

Allen F. Watson appeals from the judgment of sentence entered following his bench trial convictions for possession of a controlled substance with the intent to deliver ("PWID"), possession of a controlled substance, possession of drug paraphernalia, possession of an instrument of crime ("PIC"), and possession of a firearm by a prohibited person.[1] Watson contends the Commonwealth failed to present sufficient evidence to support a finding that he constructively possessed the controlled substances, paraphernalia, or firearm, or that he intended to distribute the narcotics. We affirm.

At Watson's bench trial, Officer Jeffrey Galazka testified that be began a narcotics investigation of a house on West Tioga Street in Philadelphia

---

\* Former Justice specially assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), 780-113(a)(32); 18 Pa.C.S.A. §§ 907(a), and 6105(a)(1), respectively.

("Tioga Street house") based on information he received from a neighboring jurisdiction. N.T., 9/12/14, at 11. He said he gave a confidential informant ("CI") $100 of prerecorded money and instructed the CI to purchase marijuana from the Tioga Street house. *Id.* at 11, 13. Officer Galazka testified that the CI knocked on the front door of the house, Watson answered, and Watson and the CI proceeded into the house. *Id.* at 13. The CI emerged a short time later with a bag of marijuana. *Id.* at 13-14.

Galazka obtained a search warrant for the Tioga Street house, and executed the warranted that same day. *Id.* at 14-15. Officer Galazka testified that as he approached the front bedroom, he observed a man later identified as Watson lifting a mattress off of a box spring and dropping it back down on top of the box spring. *Id.* at 15-16. The police officers arrested Watson, who was alone in the bedroom. *Id.* He had $134 on his person. *Id.* at 15.

Officer Galazka then searched the bedroom, where he found the following between the mattress and box spring: two clear zip lock bags containing marijuana, an amber pill bottle containing 18 pills of Alprazolam with the name "David Biaz" on the label, and a Bursa .380 caliber semiautomatic firearm, loaded with seven live rounds. *Id.* at 15-16. Police officers also found a .22 caliber rifle in the closet of the front bedroom. *Id.* at 16. In the living room, the officers found three letters from PNC Bank addressed to Watson at the Tioga Street house; a letter from Child Support court, also addressed to Watson at the Tioga Street house; Watson's probation

card; a large bag of marijuana; a digital scale; a box containing sandwich bags; and $177 in cash. *Id.* at 17-18.

Shawanda Liles testified for the defense. She stated that she, her young son, and a third individual were also present when the officers executed the search warrant. *Id.* at 40-41. Ms. Liles referred to the Tioga Street house as "[Watson]'s house," *id.* at 40, but later testified that someone else owned the house and Watson was there to make repairs. *Id.* at 43-44.

Laura Ann Carter Hampton testified that Watson did not own the Tioga Street house. *Id.* at 55. She, however, also testified that the house was being renovated and the owner did not live at the property. *Id.* at 58-59.

The trial court found Watson guilty of the above-listed crimes. On November 11, 2014, the trial court sentenced Watson to five to ten years' incarceration.

On September 10, 2015, Watson filed a petition under the Post Conviction Relief Act ("PCRA"), and, on November 4, 2016, counsel filed an amended petition. On January 11, 2018, the PCRA court reinstated Watson's direct appeal rights *nunc pro tunc*. On January 26, 2018, Watson filed a timely notice of appeal.

Watson raises the following issue: "Whether the verdicts were contrary to law?" Watson's Br. at 8.[2] Watson maintains the Commonwealth failed to

_____

[2] His statement of questions also raises the following question: "Whether the court erred in denying the [m]otion to reconsider sentence?" Watson's Br. at

present sufficient evidence to establish constructive possession of the drugs and drug paraphernalia to support the PWID, possession of a controlled substance, and possession of drug paraphernalia convictions and claims the Commonwealth failed to establish any intent to deliver, and therefore failed to present sufficient evidence of PWID. He further maintains the Commonwealth failed to establish constructive possession of the firearm.

When reviewing a sufficiency of the evidence claim, we must determine whether, when viewed in the light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crime charged is established beyond a reasonable doubt. **See Commonwealth v. Brown**, 23 A.3d 544, 559 (Pa.Super. 2011) (*en banc*). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." **Id.** (quoting **Commonwealth v. Hutchinson**, 947 A.2d 800, 806 (Pa.Super. 2008)).

To sustain a conviction for possession of a controlled substance, the Commonwealth must establish the defendant knowingly or intentionally possessed a controlled substance without being properly registered to do so. **See** 35 P.S. § 780–113(a)(16); **Commonwealth v. Brown**, 48 A.3d 426, 430 (Pa.Super. 2012).

_____

8. However, he states he will not be presenting argument on that issue on appeal, as he agrees with the trial court that he failed to preserve the issue because he did not file a timely post-sentence motion. **Id.**

- 4 -

To sustain a conviction for possession of drug paraphernalia, the Commonwealth must establish the defendant possessed, with the intent to use, "drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance." 35 P.S. § 780-113(a)(32).

To sustain a conviction for possession of a controlled substance with intent to deliver, the Commonwealth must establish the defendant knowingly or intentionally possessed a controlled substance without being properly registered to do so, with the intent to manufacture, distribute, or deliver it. **See** 35 P.S. § 780–113(a)(30); **Brown**, 48 A.3d at 430.

Because Watson was not in physical possession of the drugs and drug paraphernalia, the Commonwealth was required to establish he had constructive possession. **Commonwealth v. Hopkins**, 67 A.3d 817, 820 (Pa.Super. 2013). To establish constructive possession of contraband, the Commonwealth must show that the defendant had "conscious dominion" over the contraband, that is, "the power to control the contraband and the intent to exercise that control." **Brown**, 48 A.3d at 430 (quoting **Commonwealth v. Parker**, 847 A.2d 745, 750 (Pa.Super. 2004)). The "intent to maintain a conscious dominion may be inferred from the totality of the circumstances," and "constructive possession may be found in one or more actors where the

item in issue is in an area of joint control and equal access." **Commonwealth v. Johnson**, 26 A.3d 1078, 1094 (Pa. 2011) (citations and brackets omitted).

Here, the Commonwealth presented sufficient evidence that Watson possessed the narcotics and drug paraphernalia. The police officers recovered pieces of mail addressed to Watson at the Tioga Street house, and Liles testified that the Tioga Street address was Watson's house. Watson was the sole person found in the bedroom in which police officers recovered two clear zip lock bags containing marijuana and a bottle containing 18 pills of Alprazolam. Further, Officer Galazka observed Watson lifting the mattress, under which Officer Galazka located the narcotics, and dropping it back down prior to entering the room. In addition, the police officers discovered additional marijuana, a digital scale, a box containing sandwich bags, and $177 in cash in the living room. This evidence sufficiently establish constructive possession of the drugs and drug paraphernalia located in the house. **See Hopkins**, 67 A.3d at 821 (finding Commonwealth established constructive possession where appellant drove vehicle into side street after police observed known drug user make call, police observed appellant attempt to hide heroin in space between driver's seat and center console, police located firearm within arms-length of appellant, and found two cell phones and $361 in cash on appellant's person); **Commonwealth v. Coleman**, 130 A.3d 38, 41-42 (Pa.Super. 2015) (finding sufficient evidence supported possession of drug paraphernalia where police recovered cocaine and digital scale).

To support the PWID conviction, the Commonwealth also had to establish Watson possessed the narcotics with an intent to deliver them. The intent to deliver may be inferred from the behavior of the defendant, the quantity of the substance, the packaging of the substance, or the lack of paraphernalia for consumption. **Commonwealth v. Jones**, 874 A.2d 108, 121 (Pa.Super. 2005).

Here, the officers conducted a controlled buy during which Watson sold marijuana to a CI. Further, the officers confiscated a large quantity of narcotics from the home, as well as $311 in cash,[3] and the digital scale and zip lock bags. This evidence supported a finding that Watson possessed the narcotics with an intent to distribute them. **See Commonwealth v. Carpenter**, 955 A.2d 411, 414-15 (Pa.Super. 2008) (finding evidence sufficient to support intent to distribute where police located 21 glass vials with marijuana, 260 empty glass vials, bulk marijuana, a digital scale, unused plastic baggies, a cutting board and knife with marijuana residue).

Watson also claims the Commonwealth failed to present sufficient evidence that he possessed a firearm. He claims other individuals had access to the house and there were no fingerprints recovered from the gun.

To establish a conviction for persons not to possess firearms, the Commonwealth must prove that the defendant had been convicted of an enumerated offense and possessed a firearm. 18 Pa.C.S.A. § 6105(a)(1).

---

[3] The officers recovered $177 in the living room and $134 on Watson's person.

Watson concedes that he had a prior conviction that prohibited him from possessing a firearm. He argues that the Commonwealth failed to establish he possessed a firearm.

Because the officers did not find Watson in actual possession of a firearm, to support the possession of a firearm conviction, it was required to establish Watson constructively possessed the firearms. As discussed above, to establish constructive possession the Commonwealth must show that the defendant has "conscious dominion" over the contraband, that is, "the power to control the contraband and the intent to exercise that control." **Brown**, 48 A.3d at 430 (quoting **Parker**, 847 A.2d at 750).

Here, a firearm was located between a mattress and box spring in the front bedroom, and Officer Galazka saw the mattress being lifted and dropped back down before he entered that room. A second gun was located in the closet of that same room. Watson was the only person located in the room when the police executed the search warrant. Further, as noted above, the police officers discovered mail, including bank statements, addressed to Watson at the Tioga Street house. This evidence supported a finding beyond a reasonable doubt that Watson constructively possessed the weapons, and there is no requirement that the police conduct a fingerprint analysis to establish possession.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/25/19